```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHMAYE KRAUSZ,                                  :
                Plaintiff,                      :
                                                :           OPINION AND ORDER
        v.                                      :
                                                :           22 CV 152 (VB)
LOANDEPOT.COM, LLC,                             :
                Defendant.                      :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Shmaye Krausz brings this action against defendant loanDepot.com, LLC, alleging defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

Now pending is defendant's motion for judgment on the pleadings under Rule 12(c). (Doc. #33).

For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

For the purpose of the ruling on the motion, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff alleges credit reporting bureaus Trans Union and Equifax (the "Bureaus") issued credit reports stating plaintiff's loanDepot account was "30 days past due," when in fact plaintiff's loanDepot account was closed and transferred to another lender. (Doc. #1 ("Compl.") ¶ 15).

Plaintiff further alleges he notified the Bureaus of this inaccuracy, which in turn notified defendant, but defendant failed to conduct a reasonable investigation to determine the true status of plaintiff's account. As a result, plaintiff alleges the Bureaus "continued to publish and disseminate such inaccurate information to other third parties . . . as evidenced by the inquiries

on the Plaintiff's credit report in the form of hard and soft pulls." (Compl. ¶ 28). Plaintiff alleges he suffered concrete harm from this inaccuracy in the form of "loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial." (Compl. ¶¶ 29, 65, 77).

## DISCUSSION

I.  Standards of Review

   A.  Rule 12(c)

"A Rule 12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint." U.S. ex. rel. Phipps v. Comprehensive Cmty. Dev. Corp., 152 F. Supp. 2d 443, 449 n.2 (S.D.N.Y. 2001).[1]

   B.  Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011), aff'd, 568 U.S. 85 (2013). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

"When the Rule 12(b)(1) motion is facial, i.e., based solely on the allegations of the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

complaint . . . , the plaintiff has no evidentiary burden," and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue."  Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016).  To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings.  Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam).

In deciding a motion to dismiss under Rule 12(b)(1) at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor."  Conyers v. Rossides, 558 F.3d at 143.  But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn."  Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).

II.     Standing

Defendant argues plaintiff does not allege an injury-in-fact to support Article III standing.  The Court agrees.

A.     Legal Standard

To satisfy the "irreducible constitutional minimum of standing . . . [t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

An injury-in-fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  Spokeo, Inc. v. Robins, 578 U.S. at 339.  This is "a low threshold which helps to ensure that the plaintiff has a personal stake in the outcome of the controversy."  John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732,

736 (2d Cir. 2017).

To be concrete, an injury "must actually exist." Spokeo, Inc. v. Robins, 578 U.S. at 340. Further, an injury-in-fact must bear a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2200 (2021).

Regarding statutory harms, it is not enough to allege a defendant violated the statute. "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation" will have standing. TransUnion LLC v. Ramirez, 141 S. Ct. at 2205.

For that reason, the "mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." TransUnion LLC v. Ramirez, 141 S. Ct. at 2210; see also Maddox v. Bank of N.Y. Mellon Tr. Co., N.A., 19 F.4th 58, 65 (2d Cir. 2021) ("nebulous risk of future harm . . . that someone (a creditor, in all likelihood) might access the [plaintiffs'] record and act upon it" is insufficient to confer standing when that harm does not materialize).

Likewise, "[a] lowered credit score in and of itself is not a concrete harm," absent "any allegations or other support that plaintiff was in fact denied credit or that plaintiff suffered any concrete consequences as a result of an allegedly lowered credit score." Zlotnick v. Equifax Info. Servs., LLC, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022).

Moreover, the "mere risk of future harm, standing alone, cannot qualify as a concrete harm" that would confer standing for a claim for damages, "at least unless the exposure to the risk of future harm itself causes a separate concrete harm." TransUnion LLC v. Ramirez, 141 S. Ct. at 2211. Thus, plaintiffs who allege "they suffered some other injury (such as an emotional injury) from the mere risk that their credit reports would be provided to third-party businesses"

4

may have standing to seek damages, but only if they factually "demonstrate a sufficient likelihood that their individual credit information would be requested by third-party businesses." Id. at 2211–12; see also Maddox v. Bank of N.Y. Mellon Tr. Co., N.A., 19 F.4th at 65–66 (allegations of "great stress, mental anguish, anxiety, and distress" resulting from the existence of inaccurate debt information are insufficient to confer standing).

In short, "[n]o concrete harm; no standing." TransUnion LLC v. Ramirez, 141 S. Ct. at 2200.

B. Analysis

Here, plaintiff does not plausibly plead he suffered a concrete injury from defendant's alleged FCRA violations.

1. Hard and Soft Pulls

Plaintiff argues his allegation that there have been "hard and soft pulls" on his credit report[2] is sufficient plausibly to plead his credit report was disseminated by the Bureaus to third persons, establishing a concrete injury. (Compl. ¶ 28). However, merely alleging there have been "hard and soft pulls" on a credit report is akin to alleging a credit report was disseminated to unspecified persons for unspecified purposes, which courts in this circuit routinely deem conclusory. See, e.g., Zlotnick v. Equifax Info. Servs., LLC, 583 F. Supp. 3d at 391 (allegations that plaintiff's credit report was "disseminated to various persons and credit grantors, both known and unknown" are conclusory and insufficient to confer standing because "no actual

---

[2] "'Hard' credit pulls refer to credit inquiries related to transactions that are initiated by a consumer, whereas 'soft pulls' refer to inquiries made by businesses with which the consumer already has a business relationship and inquiries made by credit card or insurance companies," such as pre-screening before making special offers to existing customers. Adler v. DirecTV, LLC, 2018 WL 6981838, at *1 (C.D. Cal. Oct. 24, 2018). "Unlike soft pulls, hard pulls are visible to third parties who obtain a consumer credit report and may affect a consumer's credit." Id.

dissemination is alleged"); Spira v. Trans Union, LLC, 2022 WL 2819469, at *5–6 (S.D.N.Y. July 19, 2022) (same) (collecting cases).  In other words, the complaint is bereft of facts demonstrating plaintiff's credit report was disseminated to a potential creditor or other third party in a manner that harmed him, such as the inability to make a purchase or take out a loan, or even any specific allegations of reputational harm as a result of the report being disseminated. See Maddox v. Bank of N.Y. Mellon Tr. Co., N.A., 19 F.4th at 65.

Plaintiff attached copies of his credit reports from the Bureaus to his opposition to the motion, and argues they demonstrate there were indeed hard and soft pulls on his credit file. (Docs. ##38-1, 38-2 (the "Credit Reports")).

The Court does not agree that the Credit Reports demonstrate there were hard pulls on plaintiff's credit file, the type that occurs when a consumer initiates a credit-dependent purchase.[3]  Regardless, even if the Credit Reports clearly evidenced a hard inquiry, they do not supply facts that "name a third-party that has actually received a credit report with the allegedly inaccurate . . . [a]ccount information," nor do they show plaintiff suffered an actual credit denial, reputational harm, or any other concrete adverse consequences.  Hossain v. Trans Union, LLC, 2022 WL 14058958, at *3 (E.D.N.Y. Oct. 24, 2022); cf. Demarattes v. Enhanced Recovery Co., LLC, 2022 WL 4121217, at *4 (E.D.N.Y. Sept. 9, 2022) (plaintiff who alleged she was "denied two loans due to the inaccurate credit reporting resulting from the false debt information furnished by" defendant sufficiently alleged a concrete injury); Tescher v. Experian Info. Sols., Inc., 2022 WL 564048, at *5 (S.D.N.Y. Feb. 23, 2022) (plaintiff who alleged the inaccuracy in

---

[3]    The Equifax Credit Report states "[y]ou currently do not have any Hard Inquiries in your file," and the TransUnion Credit Report does not indicate whether the single inquiry on the file is "hard" or "soft." (Doc. #38-2, at ECF 7; Doc. #38-1, at ECF 5).  "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

his credit report led to difficulty obtaining a mortgage and higher interest rates had standing to pursue FCRA claim).

Accordingly, plaintiff's conclusory allegation that he experienced "hard and soft pulls" on his credit file is insufficient to confer standing.

### 2. Emotional Distress

Plaintiff's remaining allegations of concrete harm comprise a loss of potential purchasing ability and emotional distress from "credit denial." (Compl. ¶ 34). But the complaint is devoid of any allegation that plaintiff was actually denied credit. Such allegations, thus, are "vague, conclusory, and akin to the injuries found insufficient by other courts in this Circuit," to confer Article III standing. Demarattes v. Enhanced Recovery Co., LLC, 2022 WL 4121217, at *4 (allegations of "loss of credit, loss of ability to purchase and benefit from credit, increased interest rate, loss of mortgage loans, the mental and emotional pain, anxiety, anguish, humiliation, and embarrassment of credit denials" were not concrete injuries); see also, e.g., Charles v. TransUnion, LLC, 2022 WL 4539693, at *2 (E.D.N.Y. Sept. 28, 2022) (allegations plaintiff suffered "damage to his reputation, embarrassment, humiliation and other mental and emotional distress" were conclusory and insufficient to confer standing).

Because plaintiff has not alleged a concrete and particularized injury, he does not have standing to pursue his FCRA claims and they must be dismissed.

**CONCLUSION**

The motion for judgment on the pleadings is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #33) and close this case.

Dated: November 16, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge